**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

---

In re:

Bounnong Mathavongsy,

Debtor.

Chapter 7
Case No. 23-60365

---

Erik A. Ahlgren, Trustee,

Plaintiff,

vs.

Adv. Pro. _________

Bounnong Mathavongsy,

Defendant.

---

**COMPLAINT FOR REVOCATION OF DISCHARGE**

---

Erik Ahlgren brings this complaint seeking revocation of the bankruptcy discharge granted to Bounnong Mathavongsy (the "Debtor").

1. The plaintiff, Erik Ahlgren, is the duly appointed Chapter 7 bankruptcy trustee in the above referenced case (the "Trustee").

2. The Debtor filed a petition for relief under chapter 7 of the Bankruptcy Code on September 9, 2023. The case is currently pending in the United States Bankruptcy Court for the District of Minnesota, and it remains open.

3. This complaint is filed under Fed. R. Bankr. P. 7001(4) and seeks an order revoking the defendant's discharge in this case pursuant to 11 U.S.C. § 727(d)(3).

4. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This proceeding is a core proceeding.

5. The Trustee consents to final orders or judgment of this court.

6. The Debtor received a bankruptcy discharge on December 5, 2023. (DE #16)

7. On November 29, 2023, in DE #14, the court ordered the Debtor to turnover the following property of the estate (the "Assets"), within 7 days:

- 2008 Toyota Rav4;
- 1996 Toyota Camry;
- Smith & Wesson Handgun, gun safe and ammo;
- $259 (25% of $1,036 frozen in Wells Fargo account);
- $348 (25% of earned but unpaid wages);
- Documentation of the "Walz Refund" received; and
- 100% of "Walz Refund" received.

8. On February 4, 2024, the Trustee contacted Debtor's counsel to notify him that the Debtor had failed to comply with the Court's order.

9. The Debtor's counsel made an offer to purchase the assets which was rejected.

10. Pursuant to the Court's order, the Debtor was required to turnover $867 based on the following amounts:

| | |
|---|---|
| Walz Refund Received | 260 |
| 25% of $1036 in Frozen Wells Fargo Acct | 259 |
| 25% of earned but unpaid wages | 348 |
| Total | 867 |

11. The Debtor's counsel claims that he mailed a check for $437, but the check was not received by the Trustee. While the check may or may not have been sent, it was

not in the full amount required to be turned over and, therefore, did not comply with the Court's order.

12. On or about April 24, 2024, the Debtor turned over the Toyota Camry, along with a signed title but the title had an unknown individual's name on the buyer's signature area and, accordingly, it is unusable for transferring title. At this time, the Debtor also told the Trustee's representative that (a) he did not have a gun safe or ammunition, as was reported in the bankruptcy schedules and was required to be turned over pursuant to the Court's order, and (b) that the Toyota Rav4 had been sold, though he wouldn't provide the buyer's name or a copy of the title transferring the vehicle.

13. Following his refusal to turnover the Rav4, the Debtor's attorney arranged for the turnover of the Rav4 but, despite several requests, the Debtor has failed or refused to turnover titles to allow the vehicles to be sold.

14. As of the date of this complaint, the defendant has failed or refused to comply with the court's turnover order, or to cooperate with the Trustee in providing the other requested items.

15. By failing to turnover the Assets as ordered, the defendant has refused to obey the Court's order.

16. Refusal to obey a lawful order of the Court is an act specified in subsection (a)(6) of 11 U.S.C. § 727, and is grounds to revoke the defendant's discharge under 11 U.S.C. §727(d)(3).

WHEREFORE, the Plaintiff requests that this Court enter an order and judgment:

A. revoking the defendant's discharge under 11 U.S.C. § 727(d)(3);

B. ordering the Debtors to pay the Trustee's costs in bringing this action; and

C. such other and further relief as the Court deems just and equitable.

Ahlgren Law Office, PLLC

Dated: June 10, 2024

/e/Erik A. Ahlgren
Attorney #191814
220 West Washington Ave, Ste 105
Fergus Falls, MN 56537
Office: 218-998-2775
Fax: 218-998-6404
erik@ahlgrenlaw.net

ATTORNEY FOR TRUSTEE